UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**FILED**
**OCT 31 2014**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>600 Pennsylvania Avenue, NW, CC-10232<br>Washington, DC 20580<br><br>Plaintiff,<br><br>v.<br><br>BAYVIEW SOLUTIONS, LLC,<br>111 2nd Avenue, # 900<br>St. Petersburg, FL 33701<br><br>ARON TOMKO, in his individual and<br>corporate capacities,<br>9600 Kohler Boulevard, # 237<br>St. Petersburg, FL 33702<br><br>JONATHAN ORTIZ, in his individual and<br>corporate capacities,<br>3302 11th Avenue N,<br>St. Petersburg, FL 33713<br><br>Defendants. | Case No.<br><br>Case: 1:14-cv-01830<br>Assigned To : Contreras, Rudolph<br>Assign. Date : 10/31/2014<br>Description: TRO/PI |

**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF**

Plaintiff, the Federal Trade Commission, for its Complaint alleges:

1. The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), in connection with Defendants' unfair public disclosure of consumers' sensitive personal and financial information.



1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b).

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 15 U.S.C. § 53(b).

## PLAINTIFF

4. The FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The FTC is charged, *inter alia,* with enforcement of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.

5. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b), 56(a)(2)(A).

## DEFENDANTS

6. Defendant Bayview Solutions, LLC, is a Florida limited liability company formed in 2008 and doing business as Bayview Risk Management Capital and Bayview Commercial Recovery. Its registered business address is 111 2nd Avenue, # 900, St. Petersburg, FL 33701. At all times material to this Complaint, Bayview, acting alone or in concert with others, has advertised, marketed, distributed, purchased, or sold portfolios of consumer debt. Bayview transacts or has transacted business in this District and throughout the United States.

7. Defendant Aron Tomko is or was a manager, managing member, principal, or owner of Bayview. At all times material to this Complaint, acting alone or in concert with

others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Defendant Tomko resides in St. Petersburg, Florida. Defendant Tomko, in connection with the matters alleged herein, transacts or has transacted business in this District and throughout the United States.

8. At all times material to this Complaint, Defendant Jonathan Ortiz acting alone or in concert with others, has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Defendant Ortiz resides in St. Petersburg, Florida. Defendant Ortiz, in connection with the matters alleged herein, transacts or has transacted business in this District and throughout the United States.

## COMMERCE

9. At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS PRACTICES

10. Defendants are debt brokers. They purchase and sell portfolios of charged-off consumer debt for eventual collection by third-party debt collectors.

11. One way that Defendants have sold their debt portfolios is through websites that serve as online marketplaces or clearinghouses for the debt collection and debt brokering industries. These websites provide a venue for debt sellers and buyers to identify one another and exchange information about debt portfolios they seek to sell or buy.

12. Although catering to members of the debt collection industry, one particular website used by Defendants is a public website that is readily accessible to anyone with internet access. There are no passwords or other security methods restricting access to view posts on the

website.

13. This website invites visitors to become members of the site, establish a profile page, and post comments and other information in the website's forums. Visitors, however, can view and download the website's contents without becoming members.

14. Generally, sellers post on the website summary information about the portfolios they are offering, such as the type of debt, number of individual debts in the portfolio, the total face value of the debt, general age of the debt, and the number of collection agencies that previously attempted to collect. In some instances, sellers also post sample portions of their portfolios, but redact or mask personal identifiers that would disclose a consumer's identity or compromise the consumer's sensitive personal information. The sellers provide their contact information for interested buyers to obtain further information. Accordingly, debt sellers can market their portfolios on the website without disclosing consumers' sensitive information.

### Defendants' Posting of Unmasked Consumer Debt Portfolios

15. Defendant Tomko has been a member of this website since at least December 2011. In his profile, Tomko has identified himself as the owner of Defendant Bayview and as both a buyer and seller of debt.

16. Defendant Ortiz has been a member of this website since at least September 2013. Ortiz has identified himself as a sales associate of Defendant Bayview, responsible for client relations and the contact for the portfolios offered for sale on the website.

17. Defendants have offered for sale portfolios of credit card and other consumer debt and portfolios of debt stemming from payday loans, which are small, short-term, high-interest loans marketed to financially-strapped consumers.

18. On at least twenty-one occasions, Defendants have offered their debt portfolios

for sale by posting them on this website in the form of unencrypted, unprotected Excel spreadsheets. By this means, they have exposed to public view consumers' sensitive personal information. Since July 16, 2014 alone, Defendants have posted at least twenty-one portfolios of purported debts on this website, containing the unencrypted, unmasked, sensitive personal information of more than 28,000 consumers.

19. More specifically, Defendants have offered their debt portfolios by posting messages on the website that have included summary descriptions of their portfolios in the body of the message, and the unencrypted, unprotected portfolios in the form of Excel spreadsheets as attachments to the messages.

20. In addition to significant information about the consumer's alleged debt, the information on the unprotected Excel spreadsheets has included, but has not been limited to, the consumer's first name; date of birth; city; state; consumer's email address; employer name; name of consumer's bank; consumer's full bank account number; and bank routing number; consumer's driver's license.

21. Although Defendants have partially redacted the consumer's last name, street address, or telephone number, that information is easily discerned based on other disclosed information. For some individuals, for example, the consumer's e-mail address is simply a combination of the consumer's first and last name. Additionally, an internet search of the unredacted portion of the street address, consumer's first name, city, and state readily yields the consumer's full name and telephone number.

22. Defendants have posted the portfolios in a form that has enabled any visitor to the website to open, view, and download this extremely sensitive consumer information.

23. The spreadsheets posted by Defendants have included the sensitive personal

information of consumers located in all 50 states, the District of Columbia, Puerto Rico, the Virgin Islands, overseas military bases, and even Canada. The spreadsheets have included sensitive personal information for at least 71 residents of the District of Columbia.

24. Traffic counters on the website show that visitors to the website have accessed Defendants' messages that contain consumers' sensitive personal information over 340 times.

25. The consumers whose sensitive personal information and purported debts Defendants have revealed would be unlikely to know that Defendants possess, and are openly disclosing, their information. They therefore cannot protect themselves from the harms and potential harms the disclosures cause, including possible identity theft and concomitant account fraud, invasion of privacy, and job loss.

26. Defendants' practices also expose consumers to other persons or entities attempting to collect the purported debt unlawfully, even though those entities will not have purchased or acquired the authority to collect the debt. This harms consumers who may end up paying money, but not receiving an enforceable discharge of the debt or any benefit on their credit report from paying the debt. And, it harms debt collectors who may later legitimately purchase those same debts, by making their collection efforts more difficult or impossible.

27. Defendants have no business need to disclose consumers' sensitive personal information in such a public and widespread manner.

28. Defendants could have averted the public disclosure of consumers' sensitive personal information at virtually no cost by redacting the information from the Excel spreadsheets posted on the website, encrypting the information, password-protecting the information, or by offering to make the information available through other secure means outside of the website.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

29.  Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

30.  Acts or practices are unfair under Section 5 of the FTC Act if they cause, or are likely to cause, substantial injury to consumers that consumers cannot reasonably avoid and that is not outweighed by countervailing benefits to consumers or competition.  15 U.S.C. § 45(n).

## COUNT I

### Unfair Disclosure of Consumers' Sensitive Personal Information

31.  In numerous instances, Defendants have publicly disclosed consumers' sensitive personal information without the consumers' knowledge or consent, including, consumers' first names, cities and states, email addresses, dates of birth, driver's license numbers, full bank account and bank routing numbers, employers' names and contact information, the consumers' status as purported debtors, and the amount of each consumer's purported debt.

32.  Defendants' actions cause or are likely to cause substantial injury to consumers that consumers cannot reasonably avoid themselves and that is not outweighed by countervailing benefits to consumers or competition.

33.  Therefore, Defendants' practices, as described above, constitute unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. §§ 45(a) and (n).

## CONSUMER INJURY

34.  Consumers have suffered, or are likely to suffer, substantial injury as a result of Defendants' violation of the FTC Act.  In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices.  Absent injunctive relief by the Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

35. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Court's own equitable powers, requests that the Court:

A. Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including but not limited to, temporary and preliminary injunctions;

B. Enter a permanent injunction to prevent future violations of the FTC Act by Defendants;

C. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement of ill-gotten monies; and

D. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated: September 5, 2014

Respectfully submitted,

JONATHAN E. NEUCHTERLEIN
General Counsel

THOMAS J. WIDOR (D.C. Bar No. 490184)
MICHAEL WHITE (D.C. Bar No. 493481)
KATHERINE WHITE (under LCvR 83.2(e))
Attorneys
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Mailstop CC-10232
Washington, D.C. 20580
Telephone: (202) 326-3039 (Widor)
Telephone: (202) 326-3196 (M. White)
Telephone: (202) 326-2878 (K. White)
Facsimile: (202) 326-3768
Email: twidor@ftc.gov; mwhite1@ftc.gov; kwhite@ftc.gov