UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

BAYVIEW SOLUTIONS, LLC, et al.,

Defendants.

Case No.: 1:14-cv-01830-RC

## STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION

Plaintiff Federal Trade Commission commenced this civil action on October 31, 2014, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The FTC and Defendants Bayview Solutions, LLC and Aron Tomko have stipulated and agreed to the entry of this final order for permanent injunction ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

### FINDINGS OF FACT

1. The Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in advertising, marketing, distributing, purchasing, or selling portfolios of consumer debt.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For purposes of this Order, the following definitions apply:

1. **"Corporate Defendant"** means Bayview Solutions, LLC, and any successors, assigns, affiliates, or subsidiaries, by whatever names they might be known, including, but not limited to, Bayview Risk Management Capital or Bayview Commercial Recovery.

2. **"Debt"** means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

3. **"Debt Business"** means any business related to the advertising, marketing, collecting or attempted collecting, distributing, purchasing, or selling of Debt, including, but not limited to, Corporate Defendant.

4. **"Defendants"** means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination, and each of them by whatever names each might be known.

5. **"Individual Defendant"** means Aron Tomko.

6. **"Personal Information"** shall mean individually identifiable information from or about a consumer including, but not limited to (a) first and last name; (b) home or other physical address, including street name and name of city or town; (c) email address or other online contact information, such as an instant messaging user identifier or a screen name;

(d) telephone number; (e) Social Security number; (f) driver's license or other state-issued identification number; (g) financial institution account number, such as bank account, debit card, or credit card; (h) a persistent identifier, such as a customer number; (i) credit report information; (j) authentication credential, such as a username or password; (k) military identification number; or (l) passport number.

## ORDER

## INFORMATION SECURITY PROGRAM

I. **IT IS THEREFORE ORDERED** that Defendants shall, no later than the date of service of this Order, establish and implement, and thereafter maintain, a comprehensive information security program that is reasonably designed to protect the security, confidentiality, and integrity of Personal Information collected from or about consumers by the Corporate Defendant or by any corporation, subsidiary, division, website, or other device or affiliate owned or controlled by any Defendants. This section may be satisfied through the review and maintenance of an existing program provided that such program fulfills the requirements set forth herein. Such program, the content and implementation of which must be fully documented in writing, shall contain administrative, technical, and physical safeguards appropriate to the entity's size and complexity, the nature and scope of the entity's activities, and the sensitivity of the personal information collected from or about consumers, including:

   A. the designation of an employee or employees to coordinate and be accountable for the information security program;

   B. the identification of material internal and external risks to the security, confidentiality, and integrity of Personal Information that could result in the

unauthorized disclosure, misuse, loss, alteration, destruction, or other compromise of such information, and assessment of the sufficiency of any safeguards in place to control these risks. At a minimum, this risk assessment should include consideration of risks in each area of relevant operation, including, but not limited to: (1) employee training and management; (2) information systems, including network and software design, information processing, storage, transmission, and disposal; and (3) prevention, detection, and response to attacks, intrusions, or other systems failures;

C. the design and implementation of reasonable safeguards to control the risks identified through risk assessment, and regular testing or monitoring of the effectiveness of the safeguards' key controls, systems, and procedures;

D. the development and use of reasonable steps to select and retain service providers capable of appropriately safeguarding Personal Information they receive from any Defendants, and requiring service providers by contract to implement and maintain appropriate safeguards; and

E. the evaluation and adjustment of the information security program in light of the results of the testing and monitoring required by subpart C, any material changes to any operations or business arrangements, or any other circumstances that any Defendants know or have reason to know may have a material impact on the effectiveness of the information security program.

## ASSESSMENTS

II. **IT IS FURTHER ORDERED** that, in connection with compliance with Part I of this Order, Defendants shall obtain initial and biennial assessments and reports ("Assessments") for any Debt Business from a qualified, objective, independent third-

4

party professional, who uses procedures and standards generally accepted in the profession. Professionals qualified to prepare such assessments shall be: a person qualified as a Certified Information System Security Professional (CISSP) or as a Certified Information Systems Auditor (CISA); a person holding Global Information Assurance Certification (GIAC) from the SANS Institute; or a qualified person or organization approved by the Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, Washington, D.C. 20580. The reporting period for the Assessments shall cover: (1) the first one hundred and eighty (180) days after service of the Order for the initial Assessment, and (2) each two (2) year period thereafter for twenty (20) years after service of the Order for the biennial Assessments. Each Assessment shall:

A. set forth the specific administrative, technical, and physical safeguards that Defendants have implemented and maintained during the reporting period;

B. explain how such safeguards are appropriate to the entity's size and complexity, the nature and scope of the entity's activities, and the sensitivity of the personal information collected from or about consumers;

C. explain how the safeguards that have been implemented meet or exceed the protections required by Part I of this Order; and

D. certify that the security program is operating with sufficient effectiveness to provide reasonable assurance that the security, confidentiality, and integrity of Personal Information is protected and has so operated throughout the reporting period.

Each Assessment shall be prepared and completed within sixty (60) days after the end of the reporting period to which the Assessment applies. Defendants shall provide the initial Assessment to the Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, Washington, D.C. 20580, within ten (10) days after the Assessment has been completed. All subsequent biennial Assessments shall be retained by Defendants until the Order is terminated and provided to the Associate Director for Enforcement within ten (10) days of request. Unless otherwise directed by a representative of the Commission, the initial Assessment, and any subsequent Assessments requested, shall be sent by overnight courier (not the U.S. Postal Service) to the Associate Director of Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, D.C. 20580, with the subject line *FTC v. Bayview Solutions, LLC*, Matter X150005. Provided, however, that in lieu of overnight courier, notices may be sent by first-class mail, but only if an electronic version of any such notice is contemporaneously sent to the Commission at Debrief@ftc.gov.

## RECORDKEEPING

III.   **IT IS FURTHER ORDERED** that Defendants shall maintain and, upon request, make available to the FTC for inspection and copying:

   A.   for a period of three (3) years after the date of preparation of each Assessment required under Part II of this Order, all materials relied upon to prepare the Assessment, whether prepared by or on behalf of any Defendants, including but not limited to, all plans, reports, studies, reviews, audits, audit trails, policies, training materials, and assessments, and any other materials relating to each

Defendant's compliance with Parts I and II of this Order, for the compliance period covered by such Assessment;

B. for a period of five (5) years from the date of preparation or dissemination, whichever is later, all documents relating to compliance with this Order, including but not limited to

1. any documents, whether prepared by or on behalf of any Defendants, that contradict, qualify, or call into question compliance with this Order; and

2. all submissions to the FTC.

## COOPERATION

IV. IT IS FURTHER ORDERED that for two (2) years following the entry of this Order, the Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendants must provide truthful and complete information, evidence, and testimony. Individual Defendant must appear and Corporate Defendant must cause Corporate Defendant's officers, employees, representatives, or agents to appear for interviews discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon ten (10) days' written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## ORDER ACKNOWLEDGMENTS

V. IT IS FURTHER ORDERED that the Defendants obtain acknowledgments of receipt of this Order:

    A.    Each Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

    B.    For ten (10) years after entry of this Order, Individual Defendant, for any business that Individual Defendant is the majority owner or controls directly or indirectly, and Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in advertising, marketing, distributing, purchasing, or selling portfolios of consumer debt; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within seven (7) days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

    C.    From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## COMPLIANCE REPORTING

VI.    **IT IS FURTHER ORDERED** that the Defendants make timely submissions to the Commission:

    A.    One (1) year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

        1.    Each Defendant must: (a) identify the primary physical, postal, and email and telephone number, as designated points of contact, which

8

representatives of the FTC may use to communicate with such Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which the Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC;

2. Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email, and Internet addresses, including all residences; (b) identify all business activities, including any business for which the Individual Defendant performs services whether as an employee or otherwise and any entity in which the Individual Defendant has any ownership interest; and (c) describe in detail the Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For the time periods set forth below, each Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1. For twenty (20) years after entry of this Order, each Defendant must report

9

any change in: (a) any designated point of contact; or (b) the structure of the Corporate Defendant or any entity that such Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, for ten (10) years after entry of this Order, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which the Individual Defendant performs services whether as an employee or otherwise and any entity in which the Individual Defendant has any ownership interest, and identify its name, physical address, and any Internet address of the business or entity.

C. Each Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within fourteen (14) days of its filing.

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

  E. Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Bayview Solutions, LLC*, Matter X150005.

## COMPLIANCE MONITORING

VII. **IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order:

  A. Within fourteen (14) days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission also is authorized to obtain discovery, without further leave of Court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

  B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. The Defendants must permit representatives of any Plaintiff to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

  C. The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to the

Defendants or any individual or entity affiliated with the Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## ENTRY OF JUDGMENT

VIII. **IT IS FURTHER ORDERED** that there is no just reason for delay of entry of this judgment, and that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk immediately shall enter this Order as a final judgment as to Defendants Bayview Solutions, LLC and Aron Tomko.

## RETENTION OF JURISDICTION

IX. **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED.**

Dated: ~~March~~ April 20th, 2015

_____
RUDOLPH CONTRERAS
UNITED STATES DISTRICT JUDGE

SO STIPULATED AND AGREED:

_____
THOMAS J. WIDOR (D.C. Bar No. 490184)
MICHAEL WHITE (D.C. Bar No. 493481)
KATHERINE WHITE (under LCvR 83.2(e))
Attorneys
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Mailstop CC-10232
Washington, D.C. 20580
Telephone: (202) 326-3039 (Widor)
Telephone: (202) 326-3196 (M. White)
Telephone: (202) 326-2878 (K. White)
Facsimile: (202) 326-3768
Email: twidor@ftc.gov; mwhite1@ftc.gov; kwhite@ftc.gov

*Attorneys for Plaintiff*
*FEDERAL TRADE COMMISSION*

_____
ARON TOMKO
*Individual Defendant*

_____
BAYVIEW SOLUTIONS, LLC
By Aron Tomko
*Corporate Defendant*

_____
GONZALO E. MON
Kelley Drye & Warren LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
Telephone: (202) 342-8576
Facsimile: (202) 342-8451
Email: gmon@kelleydrye.com

*Attorney for Defendants*
*Aron Tomko and Bayview Solutions, LLC*

13